## Malden and Melrose Railroad Company *vs.* City of Charlestown.

If the expense of keeping a bridge in repair is imposed by statute upon several towns and a railroad company jointly, with a provision that the municipal authorities of one of the towns shall have the care and superintendence of it, and shall employ all services necessary in the care of it, no action lies against said town, in favor of the railroad company, to recover for damages sustained by the latter in consequence of a defect in the bridge.

Tort to recover for damages to the plaintiffs' car, and for damages recovered of the plaintiffs by passengers therein, sustained by reason of the car's coming in contact, on Malden Bridge, in Charlestown, with a swinging gate, which the defendants had carelessly left unfastened. The declaration contained

several counts. After the plaintiffs had opened their case, in the superior court, *Allen*, C. J. ruled that, upon the true construction of the statutes upon which the liability of the defendants depended, the plaintiffs were not entitled to recover, and ordered a verdict for the defendants, which was returned accordingly; and reported the case for the determination of this court.

*C. M. Ellis*, for the plaintiffs.

*J. Q. A. Griffin*, for the defendants.

Hoar, J. The foundation of this action, in all its forms of declaration, is the liability of the defendants for an obstruction, defect and want of repairs in and upon the Malden Bridge; and if they have no responsibility for the condition of the bridge, except jointly with the plaintiffs, it is manifest that the action cannot be maintained.

The bridge, where the obstruction was found and the injury to the plaintiffs' car occurred, was situated in the city of Charlestown. By Gen. Sts. c. 44, § 1, " highways, town ways, streets, causeways and bridges shall be kept in repair at the expense of the town, city or place in which they are situated, when other provision is not made therefor;" and by § 22 of the same chapter, if a person receives bodily injury or damage in his property, through a defect or want of repair in a bridge, he may recover the amount of damage sustained thereby, of the county, town, place or persons obliged by law to repair the same.

By referring to *St.* 1859, c. 99, § 2, it appears that " other provision " is made for the repair of this bridge, than the general obligation imposed upon the city in which it is situated. That section expressly provides that " the said bridge shall be kept in repair at the expense of the city of Charlestown," six other towns named, " and the Malden and Melrose Railroad Company." The same statute provides the manner in which the expense shall be apportioned and assessed upon the several corporations thus jointly made liable; and by § 6 it is directed that " the mayor and aldermen of the city of Charlestown shall take the care and superintendence of said bridge, and shall employ all services necessary in the care thereof." We think this

provision does not affect the responsibility of the defendants for the maintenance of the bridge. The several corporations required to pay the expense of maintaining it having no common agents or officers to whom the duty of taking charge of it could be conveniently assigned, the mayor and aldermen are designated for that purpose. But they are made the agents of all the parties who are required to support the bridge, and not of one of them exclusively. A city, town or county is not necessarily responsible for the care and fidelity of its officers in the execution of duties imposed on them by law. If the care of this bridge had been intrusted to the county commissioners of Middlesex County, it would not have made the county liable for its condition. The responsibility for the safety and convenience of the bridge, and the liability to pay the damages occasioned by defects or want of repair in it, being by law imposed upon the parties " obliged by law to repair it," and the plaintiffs and the defendants being each one of these parties, one of them cannot maintain an action against the other founded on a common neglect of duty.               *Judgment on the verdict.*